# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**MICHAEL SHANE BUFORD**                                    **PETITIONER**

**vs.**                                    **CAUSE No.: 3:25-CV-689-HTW-MTP**

**BURL CAIN**                                    **RESPONDENT**

---

## ORDER ADOPTING REPORT AND RECOMMENDATION

---

BEFORE THIS COURT is the Report and Recommendation of United States Magistrate Judge Michael T. Parker [Doc. 11], entered on May 15, 2026. Magistrate Judge Parker recommends that Respondent Burl Cain's Motion to Dismiss [Doc. 10] be granted and that Petitioner Michael Shane Buford's Petition for Writ of Habeas Corpus [Doc. 1] be dismissed with prejudice as time-barred. Magistrate Judge Parker advised the parties to file their objections to his Report, if any, within fourteen (14) days.

On June 5, 2026, Petitioner filed a pleading styled "Right to Object and Appointment of Counsel" [Doc. 12], which this Court liberally construes as his Written Objections to the Report and Recommendation. Respondent filed a Response in Opposition to Petitioner's Objections on June 12, 2026 [Doc. 14] Having conducted a *de novo* review of the portions of the Report and Recommendation to which objections were made, alongside the record and relevant law, this Court finds that the Objections should be overruled and the Report and Recommendation **ADOPTED** in its entirety.

In his Report and Recommendation, the Magistrate Judge correctly states that Petitioner's underlying state court conviction for possession of methamphetamine became final on November

3, 2021. Based on the one-year limitations period found in 28 U.S.C. § 2244(d)(1)(A)[1] and the statutory tolling period found in 28 U.S.C. § 2244(d)(2)[2], Petitioner was required to file his federal petition by December 21, 2022; however, Petitioner did not filed his Petition until September 12, 2025, nearly three years past the statutory filing deadline date.

In his Objections, Petitioner contends that his filing delay should be excused because he was under the mistaken impression that his appellate counsel had filed a federal petition on his behalf and because prison guidelines dictated that he must fully exhaust all state remedies before turning to the federal courts. He further objects that his initial state post-conviction motions were misdirected due to institutional instructions.

This Court agrees with the Magistrate Judge's conclusion that the Petition is irretrievably time-barred. Petitioner fails to establish a viable legal basis for either further statutory tolling or equitable tolling under the applicable law cited by the Magistrate Judge in his Report and Recommendation.

IT IS THEREFORE ORDERED that the Report and Recommendation of United States Magistrate Judge Michael T. Parker entered on May 15, 2026, is hereby **ADOPTED** as the findings and conclusions of this Court.

---

[1] **(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
    **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review
28 U.S.C.A. § 2244 (West).

[2] **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.
28 U.S.C.A. § 2244 (West)

IT IS FURTHER ORDERED that Respondent's Motion to Dismiss **[Doc. 10]** is **GRANTED**, and the Petition for Writ of Habeas Corpus **[Doc. 1]** is **DISMISSED WITH PREJUDICE**. This Court declines to issue a Certificate of Appealability.

A separate Final Judgment shall be entered in accordance with Federal Rule of Civil Procedure 58.

SO ORDERED, this the 1st day of July, 2026.


**/s/HENRY T. WINGATE**
UNITED STATES DISTRICT JUDGE